# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ERMINA SABIC, <br><br> Plaintiff, <br><br> v. <br><br> FRANKLIN COVEY PRODUCTS, LLC, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:10cv343 <br><br> Magistrate Judge Paul M. Warner |

Before the court is Franklin Covey Products, LLC's ("Defendant") motion to compel discovery.[1] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## BACKGROUND

Ermina Sabic ("Plaintiff") was a machine operator for Defendant in Salt Lake City for approximately five years before her employment was terminated in April 2008. On February 27, 2007, Plaintiff suffered an on-the-job injury when she lifted a heavy box off of a shelf. She received workers' compensation and treatment for the injury, and she was released back to work with restrictions.

---

[1] *See* docket no. 18.

Over the course of the next year, Plaintiff alleges that she continued to experience pain related to her injury in her back, neck, shoulders, arms, and legs. As a result, on March 24, 2008, Plaintiff requested leave under the Family Medical Leave Act ("FMLA"). *See* 29 U.S.C. §§ 2601 to 2654. Plaintiff contends that on April 7, 2008, her supervisor, Jason Webb, approved Plaintiff's request for leave under the FMLA from March 18, 2008, until May 26, 2008. Plaintiff asserts that she did not request the specific dates of her leave; Defendant simply sent her the completed form.

Plaintiff, however, was fired on April 25, 2008, allegedly for exhausting her allotment of leave under the FMLA. Plaintiff asserts that when she questioned Defendant's human resources representative as to why she was being fired when her leave had been approved until May 26, she was told that someone must have made a mistake. Plaintiff contacted her physician to see whether she could be released to work sooner than May 26. While Plaintiff's doctor released her to work with minor restrictions on April 29, Plaintiff contends that Defendant refused to restore her to her previous position.

On April 19, 2010, Plaintiff filed this lawsuit alleging, inter alia, that Defendant violated the FMLA by terminating her employment while she was on leave. Plaintiff contends she is entitled to recover from Defendant "back pay, front pay, and reimbursement for any other of [Plaintiff's] primary losses, including lost benefits," as well as damages for emotional distress.[2]

On May 14, 2010, Defendant's attorney e-mailed a general Health Insurance Portability and Accountability Act ("HIPAA") medical record release authorization to Plaintiff's counsel.

---

[2] Docket no. 2 at 7.

On May 27, 2010, Plaintiff's counsel responded that they had begun collecting Plaintiff's medical records and would provide Defendant with the "relevant documents."[3] On June 11, 2010, Defendant served its First Set of Interrogatories and Requests for Production of Documents on Plaintiff, specifically requesting that Plaintiff produce her medical records and income tax returns. On June 28, 2010, counsel for both Plaintiff and Defendant discussed the issue of Plaintiff providing a HIPAA release for her records. On June 29, 2010, Defendant's counsel sent a letter to Plaintiff's counsel reiterating Defendant's proposal for review of the medical records. In a letter dated July 14, 2010, Plaintiff's counsel informed Defendant's counsel that Plaintiff was "providing all of the relevant medical records" in response to Defendant's discovery requests.[4] Plaintiff's counsel produced what she represented were relevant medical records from some of Plaintiff's health care providers. Based upon review of the documents produced by Plaintiff, Defendant's attorneys do not believe that medical records for all of the health care providers listed in Plaintiff's response to Interrogatory No. 7 have been provided, and Defendant has no way to verify that Plaintiff has produced complete copies of all these health care providers' records on Plaintiff.

On July 22, 2010, Defendant's attorney sent a letter to Plaintiff's counsel about their refusal to produce Plaintiff's income tax returns, among other things. In that letter, Defendant's attorney explained the relevance of the tax returns and asked Plaintiff to produce them. During a telephone conference on July 22, 2010, Plaintiff's counsel refused to produce Plaintiff's income

---

[3] Docket no. 19, Exhibit B.

[4] Docket no. 19, Exhibit E.

tax records to Defendant and said Defendant was not entitled to the tax returns and that the tax returns were not relevant to the case.

### A. Motion to Compel

In the instant motion, Defendant moves this court to order Plaintiff to (1) sign HIPAA medical record release authorization forms for each of the health care providers identified in Plaintiff's response to Defendant's Interrogatory No. 7, and (2) produce all of her tax returns for 2008, 2009, and 2010. Under rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "[A]t the discovery stage, the concept of relevance should be construed very broadly." *Gohler v. Wood*, 162 F.R.D. 691, 695 (D. Utah 1995). Nevertheless, "the [United States] Supreme Court has underscored that 'the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] "a party or person from annoyance, embarrassment, [or] oppression."'" *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (quoting Fed. R. Civ. P. 26(b)(1), (c)(1))). The court will address Defendant's arguments in turn.

#### (1) Medical Records

Defendant asserts that it is entitled to obtain Plaintiff's medical records directly from Plaintiff's heath care providers rather than from Plaintiff herself. Defendant argues that Plaintiff should not be permitted to use HIPAA's requirements to prevent Defendant from obtaining documents directly from Plaintiff's providers. Otherwise, Defendant contends, it has no

4

assurance that it has obtained all documents in the health care providers' control.  In response, Plaintiff disputes that all of her medical records are relevant and discoverable.  Nevertheless, she contends that she has provided all of the medical records requested by Defendant.

While the court agrees with Defendant that Plaintiff's medical records are relevant and discoverable, the court is not willing to order Plaintiff to sign a HIPPA medical records release authorization.  Accordingly, this portion of Defendant's motion is **DENIED**.  That said, should Defendant serve a subpoena for the medical records on Plaintiff's health care providers, and said providers refuse to produce the records without a signed HIPAA release or a court order, the court will favorably consider a motion to compel production of the requested records.

On a related note, the court finds Plaintiff's refusal to sign the HIPAA release to be disingenuous.  Plaintiff filed this lawsuit alleging that Defendant violated the FMLA.  As such, she should expect that all of her medical records would be relevant and discoverable.  While medical records are personal and confidential, Defendant should be allowed to review them for the purposes of defending itself in this lawsuit.  Entry of a protective order in this matter should allay any concerns Plaintiff has about confidentiality.

### (2) Tax Returns

Defendant seeks Plaintiff's tax returns for 2008, 2009, and 2010.  Plaintiff contends that Defendant is not entitled to discover her tax returns because they contain information that is not relevant to this case, e.g., Plaintiff's husband's income, properties, gifts, and donations.  Plaintiff asserts that she has already provided all documents related to her income so that Defendant may complete its own calculations of Plaintiff's economic damages.  Plaintiff further argues that

5

entering a protective order in this matter would "add a level of complexity to this case that is unwarranted and which defeats the court's purpose of efficiency."[5]

Under Tenth Circuit law, tax returns enjoy heightened protection from discovery. *See Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974). Indeed, the Tenth Circuit has stated that "[t]ax returns are not generally discoverable." *Id.* There is an exception to this general prohibition against discovery of tax returns, but it exists "only when the plaintiff's income is directly in issue." *Id.* Plaintiff has placed her income directly at issue in this matter by seeking back and front pay. As such, the court is persuaded that Plaintiff's tax returns for the requested years are relevant and discoverable. Accordingly, this portion of Defendant's motion is **GRANTED**.

While the court has determined that the tax returns are relevant and discoverable, because of the sensitive nature of the records, a protective order must be entered before the documents are disclosed. Therefore, the court **ORDERS** the parties to meet and confer within fourteen (14) days of the instant order in an attempt to stipulate to a proposed protective order to be entered by the court. If attempts to reach agreement on such an order are successful, the parties should file a stipulated motion for entry of the order, which the court will readily grant. If, however, attempts to stipulate are unsuccessful, within twenty-one (21) days of the instant order, the parties shall bring the issue to the court by way of an appropriate motion, which will include submission of each party's proposed protective order. Upon receipt of the motion and the

---

[5] Docket no. 23 at 12.

parties' respective proposed orders, the court will resolve the issue. Within fourteen (14) days after entry of the protective order, Plaintiff shall produce the requested documents.

Based on the foregoing, Defendant's motion is hereby **GRANTED IN PART AND DENIED IN PART** as set forth above.

**IT IS SO ORDERED.**

DATED this 22nd day of October, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge
